Octavio Cardona-Loya II, Esq. SBN 255309
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200-B
Chula Vista, CA 91910
vito@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN POUNDS, an individual, | Civil No.: 5:17-cv-00292-JGB-SP |
| Plaintiff, | **FIRST AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL** |
| v. | |
| NATIONSTAR MORTGAGE, LLC, a limited liability company; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1. This action arises out of Defendant Nationstar Mortgage's wrongful acts and failure to comply with the Real Estate Settlement Procedures Act ("RESPA") regarding Plaintiff's mortgage loan.

## II. PARTIES

2. Plaintiff is a natural person residing in Riverside County, California.

3. Defendant NATIONSTAR MORTGAGE, LLC ("NATIONSTAR") is a limited

1 liability company with its principal place of business at 350 HIGHLAND DR., LEWISVILLE, TX 75067.

4. The true names and capacities, whether individual, corporate (including officers and directors thereof), associates or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, dual agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

### III. FACTUAL ALLEGATIONS

5. Plaintiff's mortgage loan was serviced by Defendant Nationstar; the previous mortgage servicer was LoanCare, LLC.

6. The mortgage loan encumbered Plaintiff's home. Plaintiff's home was owner-occupied and Plaintiff's personal principal residence. Plaintiff's home, and the subject mortgage loan encumbering it, were not used for any business, commercial, rental, agricultural, or investment purpose. Plaintiff did not rent out any portion of her home.

7. On or about April 7, 2014, LoanCare sent Plaintiff an approval for a twelve-month forbearance plan that would temporarily reduce Plaintiff's mortgage payment.

8. Plaintiff accepted the forbearance agreement and began making payments in compliance with it.

9. In or around October of 2014, LoanCare transferred Plaintiff's loan to Nationstar.

////

10. Nationstar did not honor the terms of the forbearance agreement and misapplied Plaintiff's payments made to Nationstar in compliance with the forbearance agreement.

11. Based on information and belief, instead of accepting two payments made pursuant to the forbearance agreement, Nationstar merged the payments into one mortgage payment under the previous terms of Plaintiff's loan and refunded Plaintiff the difference in early February 2015.

12. Nationstar then initiated foreclosure proceedings against Plaintiff's home by recording a Notice of Default on or about March 2, 2015.

13. Nationstar later continued its foreclosure efforts by recording a Notice of Trustee's Sale on or about June 2, 2015.

14. This caused Plaintiff great concern and worry as her home was to be foreclosed on.

15. As a result of Nationstar's conduct, Plaintiff suffered emotional distress.

16. Nationstar further sought to collect on amounts not due to it under the terms of the forbearance agreement.  Based on information and belief, Nationstar further increased the loan's balance by charging foreclosure fees and associated costs.

17. Plaintiff ultimately sold her home as she was mortified of being foreclosed on.

## IV. FIRST CAUSE OF ACTION
### (NEGLIGENCE)

18. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

19. Defendant owed Plaintiff a duty to exercise reasonable care in the servicing of Plaintiff's loan with respect to Plaintiff's existing foreclosure prevention alternative in the forbearance agreement.

20. Defendant further had a statutory duty to honor the prior servicer's forbearance agreement.  LoanCare, LLC approved Plaintiff for a foreclosure prevention alternative via

the forbearance agreement. Pursuant to Civil Code § 2924.11(g), Defendant shall continue to honor any previously approved first lien foreclosure prevention alternative, but failed to do so here. The subject mortgage loan was a first lien loan. Civil Code § 2924.11, a provision of the California Homeowner Bill of Rights, sets for the duty and standard of care for mortgage servicers such as Defendant to follow, which in the case entailed Defendant's duty to honor the terms of the forbearance agreement LoanCare offered and Plaintiff accepted.

21. Had Defendant exercised ordinary care and skill, it would not have initiated foreclosure proceedings and would have properly credited Plaintiff's payments in accordance with the terms of the forbearance agreement.

22. Based on the foregoing, Defendant breached its duty to exercise due care, causing Plaintiff damages, including but not limited to emotional distress.

23. Defendant's conduct was the actual and proximate cause of Plaintiff's damages.

24. Defendant's negligence was a substantial factor in causing Plaintiff's harm.

25. As result of Defendant's conduct as alleged above, Plaintiff suffered actual harm in an amount according to proof at the time of trial.

26. Plaintiff seeks damages according to proof.

## V. SECOND CAUSE OF ACTION
### (VIOLATION OF RESPA)

27. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

28. Plaintiff's loan is subject to RESPA by virtue of 12 U.S.C. §2602(1).

29. Nationstar violated 12 C.F.R. §1024.41(f) by recording a Notice of Default prior to the Plaintiff's loan being more than 120 days delinquent and when Plaintiff was in compliance with the forbearance agreement within the 120 days prior to Nationstar's recording the Notice of Default.

30. Plaintiff seeks actual damages according to proof in addition to statutory damages and attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendants, and each of them, for the following:

1. Actual damages;
2. Statutory damages pursuant to 12 U.S.C. § 2605(f)(1)(B);
3. Attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f)(3); and
4. For such other and further relief as the Court may deem just and proper.

Dated: April 6, 2017 /s/ Octavio Cardona-Loya II   .
Octavio Cardona-Loya II,
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 6, 2017 /s/ Octavio Cardona-Loya II   .
Octavio Cardona-Loya II,
Attorney for Plaintiff